**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:15-CV-566-GCM-DCK**

| | |
|---|---|
| RONALD E. BROADWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and Defendant's "Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I.    BACKGROUND

Plaintiff Ronald E. Broadway ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about April 4, 2014, Plaintiff filed an application for Supplemental Security Income, and

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. The Clerk is directed to substitute Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this matter. See Fed. R. Civ. P. 25(d); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

disability insurance benefits under Title XVI of the Social Security Act, alleging an inability to work due to a disabling condition beginning October 15, 2009. (Transcript of the Record of Proceedings ("Tr.") 10, 170-175). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on June 27, 2014, and again after reconsideration on November 25, 2014. (Tr. 10, 97-105, 109-118). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 109).

Plaintiff filed a timely written request for a hearing on December 22, 2014. (Tr. 10, 119-121). On April 15, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson (the "ALJ"). (Tr. 10, 24-48). In addition, Lavonne Brent, a vocational expert ("VE"), and Jamie L. Johnson, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on June 15, 2015, denying Plaintiff's claim. (Tr. 7-19). On July 13, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 22, 2015. (Tr. 1-4). The June 15, 2015 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 19, 2015. (Document No. 1). On December 8, 2015, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 12) were filed April 29, 2016; and Defendant's "Motion For Summary Judgment" (Document No. 13) and "Defendant's Memorandum In Support Of Defendant's Motion For Judgment On The Pleadings" (Document No. 14) were filed June 27, 2016. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, Document No. 1 (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than

3

create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between March 17, 2014, and the date of his decision.[2] (Tr. 10). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 18-19).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since March 17, 2014, his alleged disability onset date. (Tr. 12). At the second step, the ALJ found that Plaintiff's severe impairments included: mood disorder, anxiety disorder, personality disorder and a history of polysubstance dependence.[3] (Tr. 12). At the third step, the ALJ

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 12).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> no concentrated exposure to moving machinery or unprotected heights, unskilled work and no more than occasional contact with the public, supervisors or co-workers.

(Tr. 13). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id. At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work.

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 18-19). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included medium and unskilled packer, inspector, and garment checker. (Tr. 18). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 17, 2014, and the date of his decision, June 15, 2015. (Tr. 19).

**Assignments of Error**

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in assessing Plaintiff's mental impairments; and (2) the ALJ erred in the RFC determination.

(Document No. 12, p. 4-5). In both assignments of error Plaintiff contends that the ALJ's decision is inconsistent with the Fourth Circuit's ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

Here, as in Mascio, the ALJ determined that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace. (Tr. 13); see also (Document No. 12) (citing Mascio, 780 F.3d at 638). Plaintiff notes that the ALJ limited him to "unskilled work," but failed to address his ability to stay on task. (Document No. 12, pp.11-12). Plaintiff argues that the Mascio holding is directly on point here:

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

(Document No. 12, p.11) (quoting Mascio, 780 F.3d at 638).

Thus, Plaintiff contends that "only a determination of his ability to stay on task would account for his limitation in concentration, persistence, and pace." (Document No. 12, p.12). Plaintiff concludes that the ALJ's failure to explain his findings as to Plaintiff's moderate limitations in concentration, persistence, and/or pace, requires remand. (Document No. 12, p.12) (citing Mascio, 780 F.3d at 638).

In addition, Plaintiff argues that the ALJ failed to include a proper function-by-function analysis, and to explain why limitations contained in medical opinions he gave substantial weight were not included in the RFC finding. (Document No. 12, pp.9-10, 13-15) (citing Mascio, 780 F.3d at 636) and (Tr. 17).

7

In response, Defendant asserts that "Mascio only requires remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" (Document No. 14, p.4) (quoting White v. Colvin, 3:15-CV-197-FDW, 2016 U.S. Dist. LEXIS 77268, at *15 (W.D.N.C. June 13, 2016)(quoting Mascio, 780 F.3d at 636-37). Defendant then asserts that "[h]ere, the ALJ explained – citing substantial evidence of record – why Plaintiff's allege impairments did not affect his ability to work beyond the limitations in the RFC." (Document No. 14, p.4). Notably, Defendant does not cite the ALJ decision, or the evidence of record the ALJ allegedly cited, in making this statement. Id.

Defendant seems to give little attention to Plaintiff's core argument that the ALJ failed to adequately address Plaintiff's limitations in concentration, persistence, and pace. Defendant contends that the ALJ discussed records related to Plaintiff's concentration, persistence, or pace, but such "discussion" is limited at best. (Document No. 14, p.6) (citing Tr. 15-16). Without citation to the ALJ decision or the record, Defendant argues that "the decision repeatedly demonstrates Plaintiff's "normal" attention and concentration. (Document No. 14, p.6, n.2).

Even if the decision does mention concentration, it does not appear to address Plaintiff's ability to stay on task. Moreover, the undersigned observes that the ALJ opined as follows:

> There is **no doubt the claimant suffers from "severe" mental health problems**. The undersigned acknowledges that the claimant **requires monitoring and medication**.

(Tr. 14) (emphasis added). Despite this acknowledgement of "severe" mental health problems, and the need for monitoring, the ALJ decision does not address how these issues impact Plaintiff's ability to work. In fact, the RFC seems to almost contradict the ALJ's acknowledgement above – it fails to address any limitation in an ability to stay on task, and provides for "no more than

8

occasional contact" with supervisors – both of which seem contrary to someone with severe mental health issues who requires monitoring. (Tr. 13).

In short, the undersigned finds Plaintiff's arguments to be persuasive. (Document No. 12). The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace, alone, frustrates meaningful review and is sufficient cause for remand. While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned is persuaded that the ALJ's opinion is deficient based on the Fourth Circuit's decision in <u>Mascio v. Colvin</u>. See <u>Kidd v. Colvin</u>, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) <u>aff'd by</u> 2017 WL 442898 (W.D.N.C. Feb. 1, 2017).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 13) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: February 10, 2017

David C. Keesler
United States Magistrate Judge